UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


RODNEY RODRIGUEZ SHIPMAN,

     Plaintiff,

v.                                 Case No.  5:15cv133/MP/CJK

UNITED STATES OF AMERICA, et al.,

     Defendants.
_____/

REPORT AND RECOMMENDATION

This prisoner case is before the court upon defendants United States of America, Hector Lopez and Nikki Albu-Gardner's (the "federal defendants") consolidated motion to dismiss, or in the alternative, for summary judgment, with evidentiary materials.  (Docs. 57, 58).  Plaintiff has filed a response in opposition, titled "Plaintiff's Motion in Opposition to Defendant's Motion to Dismiss and Consolidated Motion to Dismiss or for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment", with evidentiary materials.  (Doc. 69).  The federal defendants move to strike that portion of plaintiff's response that purports to be a cross motion for summary judgment, arguing that plaintiff's cursory request does not comply with the requirements of the Federal Rules of Civil Procedure and this court's Local Rules.  (Doc. 71).  Plaintiff has filed an additional response to the

federal defendants' dispositive motion, in which he requests the appointment of counsel, the appointment of a medical expert and discovery (production of documents by defendant Dr. Lopez).  (Doc. 72; *see also* Doc. 62 (earlier filed motion for appointment of counsel)).   These matters are referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  After careful consideration, the undersigned concludes that the federal defendants' motion to dismiss or for summary judgment should be granted in part and denied in part, that plaintiff's request for summary judgment should be denied, that plaintiff's requests for the appointment of counsel and a medical expert should be denied, and that the earlier-imposed stay on discovery should be lifted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Federal Bureau of Prisons (BOP) currently confined at the Federal Correctional Institution in Marianna, Florida (FCI-Marianna).  This lawsuit arises from the medical care plaintiff received after he was injured while playing football at FCI-Marianna.  Plaintiff's amended complaint names four defendants:  the United States of America; Cattau Perry, M.D.; Hector Lopez, M.D.; and Nikki Albu-Gardner, MLP. (Doc. 11).  Relevant here, plaintiff's amended complaint asserts a medical negligence claim under the Federal Tort

Claims Act, 28 U.S.C. §§ 2671-2680, against the United States, and Eighth Amendment medical deliberate indifference claims under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), against the two health care providers employed by the BOP (Dr. Lopez and MLP Gardner).  This report and recommendation addresses the federal defendants' motion to dismiss, or in the alternative, for summary judgment (doc. 57) and plaintiff's responses and miscellaneous requests (docs. 69, 72).[1]

Plaintiff's amended complaint alleges that the federal defendants were negligent and deliberately indifferent in failing to provide prompt, necessary diagnostic testing and treatment for a neck/back injury plaintiff sustained while playing football at FCI-Marianna on November 6, 2010.  Plaintiff alleges he continuously complained of pain and other symptoms for over four years, but the defendants delayed proper diagnostic testing and treated his complaints with ineffective pain medication.  Plaintiff alleges that the delay in proper care caused him to endure unnecessary pain and suffering for over four years until an MRI was performed and he underwent surgery.  Plaintiff also contends that the defendants'

---

[1] This order does not affect the proceedings on plaintiff's claim against defendant Dr. Cattau Perry, a health care provider employed by Jackson Hospital.  Defendant Dr. Perry's motion to dismiss (doc. 25), plaintiff's response to that motion (*see* portions of doc. 69), and Dr. Perry's court-ordered reply is being considered separately.

treatment (or lack thereof) caused permanent injury to his neck and back.  As relief, plaintiff seeks $50 million in damages.  (Doc. 11).

### FEDERAL DEFENDANTS' MOTION TO DISMISS *BIVENS* CLAIMS

The federal defendants assert that plaintiff's *Bivens* claims should be dismissed because plaintiff failed to properly exhaust his administrative remedies. (Doc. 57, pp. 26-30).  Plaintiff responds that in 2013, he made an informal attempt to resolve his complaints and, when dissatisfied with the response, filed a formal written complaint with the institution and an appeal to the Regional Director.  (Doc. 72, p. 10 and Ex. 1).  Plaintiff argues that if this court finds his attempts to resolve the issue insufficient to satisfy the exhaustion requirement, this court should stay proceedings on his *Bivens* claims to allow him to "address any insufficiency".  (Doc. 72, p. 10).

Exhaustion Requirement

Title 42 U.S.C. § 1997e  provides, in relevant part:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a  prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, whether they

allege excessive force or some other wrong, and whether they seek only monetary damages. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). The exhaustion requirement applies to *Bivens* actions. *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (holding that prisoner asserting *Bivens* claim must exhaust available administrative remedies); *Zolicoffer v. Scott*, 55 F.Supp.2d 1372, 1375 (N.D. Ga. 1999), *aff'd*, 252 F.3d 440 (11th Cir. 2001) (Table).

Exhaustion of all available administrative remedies is a mandatory pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) ("The 'available' 'remed[y]' must be 'exhausted' <u>before</u> a complaint under § 1983 may be entertained.") (emphasis added); *see also Porter*, 534 U.S. at 524-25 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). "[T]he PLRA exhaustion requirement requires <u>proper</u> exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without

imposing some orderly structure on the course of its proceedings."  548 U.S. at 90-91.

A federal district court does not have the discretion to stay a prisoner's civil rights action pending exhaustion.  *See Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003) (dismissal of prisoner's civil rights case is mandatory if exhaustion is not complete at the time the case is filed); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (same; affirming dismissal of inmate's complaint where inmate was in the process of exhausting administrative remedies at the time he filed suit); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002) (dismissal was required where prisoner brought § 1983 action without first satisfying exhaustion requirement; action could not be continued pending completion of administrative grievance procedure); *Neal v. Boord*, 267 F.3d 116, 121-22 (2nd Cir. 2001) (affirming dismissal of inmate's complaint for failure to exhaust administrative remedies even though some claims were exhausted during the pendency of the litigation; "[A]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."), *overruled on other grounds by Porter v. Nussle, supra*; *Jackson v. Dist. of Columbia*, 254 F.3d 262, 269 (D.C. Cir. 2001) (affirming dismissal of inmates' complaint because they

had begun, but not yet exhausted, the prison grievance procedure); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (dismissing inmate's complaint because he filed his federal complaint before allowing the administrative process to be completed); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 538 (7th Cir. 1999) (("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."); *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998) (affirming dismissal of inmate's complaint even though the claims were exhausted several days after the prisoner filed the action); *see also, e.g., Sexton v. Eichenlaub*, No. 5:14cv38-RH-GRJ, 2015 WL 4647349 (N.D. Fla. Aug. 5, 2015) (dismissing prisoner's § 1983 action for failure to exhaust; district court did not have the discretion to stay the case to allow exhaustion of administrative remedies); *McElwain v. Coker*, No. 5:09cv312-RS-MD, 2009 WL 3230362 (N.D. Fla. Sept. 30, 2009) (same).

The grievance procedure promulgated by the BOP requires an inmate to:  (1) file an informal grievance; (2) file a formal written complaint with the institution by submitting a BP-9 Request for Administrative Remedy; (3) file an appeal to the Regional Director by submitting a BP-10 Regional Administrative Remedy Appeal; and (4) file an appeal to the General Counsel for the BOP by submitting a BP-11

Central Office Administrative Remedy Appeal.  28 C.F.R. § 542.10 - 542.15.  Each of these steps is generally required to satisfy the exhaustion requirement.  *Id*.; *See also* Doc. 58, Ex. 2, Jusino Decl. ¶ 3.

Procedure for Ruling on Motion to Dismiss for Failure to Exhaust Administrative Remedies

A failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving.  *See Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").  In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts should follow when presented with a motion to dismiss for failure to exhaust administrative remedies under the Prison Litigation Reform Act (PLRA).  The court held that the defense of failure to exhaust should be treated as a matter in abatement.  *Id*. at 1374.  "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*quoting Bryant*, 530 F.3d at 1374).  Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."  *Bryant*, 530 F.3d at 1374-75 (citation and internal quotation omitted).

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendant's motion, and those in the plaintiff's response. *Id*. If they conflict, the court accepts the plaintiff's version as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id*.; *see also Bryant*, 530 F.3d at 1373-74.

If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (*citing Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id*. Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies.

Plaintiff's Administrative Grievances

The facts relevant to the exhaustion issue are not in dispute. Both parties rely on the following evidence of plaintiff's grievances. In May of 2013, plaintiff submitted an informal grievance complaining that he was being denied medical care

for his neck and head injury, and that Dr. Lopez cancelled a referral to an outside specialist. (Doc. 11, Attach. B, pp. 1-2). On July 16, 2013, FCI-Marianna received plaintiff's formal written complaint concerning the alleged denial of medical treatment for his neck and head injury. (Doc. 11, Attach. B, p 3; Doc. 58, Ex. 2, Jusino Decl. ¶ 6). The Warden responded on August 5, 2013, with an explanation of plaintiff's care. (*Id*.). Plaintiff was advised that if he was dissatisfied with the response he should appeal to the Regional Director. (*Id*.). Plaintiff appealed. (Doc. 11, Attach. B, p. 4). Petitioner's appeal to the Regional Director was receipted August 26, 2013. (Doc. 11, Attach. B, p. 5; Doc. 58, Ex. 2, Jusino Decl. ¶ 7). The Regional Director responded on October 29, 2013, that the Clinical Director referred plaintiff for a neurology consultation on August 8, 2013, that the consultation was approved by the Regional Reviewer on August 14, 2013, and that plaintiff's appointment was pending. (*Id*.). Plaintiff was advised that if he was dissatisfied with the response, he should appeal to the Office of General Counsel. (*Id*.). Plaintiff had thirty days to submit an appeal to the Central Office. 28 C.F.R. § 542.15. Plaintiff made no appeal to the Central Office. (Doc. 58, Ex. 2, Jusino Decl. ¶¶ 8, 10). By failing to appeal, plaintiff failed to properly exhaust his *Bivens* claim. (*Id*. ¶ 9). Plaintiff is now be procedurally barred from exhausting his remedies, as the time to file an appeal to the Central Office expired more than two years ago.

Plaintiff's satisfaction of the FTCA's exhaustion requirement for his medical negligence claim against the United States does not satisfy the PLRA's exhaustion requirement for his *Bivens* medical deliberate indifference claims against Lopez and Gardner.  The exhaustion procedures under the FTCA and the PLRA are separate and distinct.  *Compare* 28 C.F.R. §§ 542.10-542.15., *with* 28 C.F.R. §§ 543.30-543.32; *see also, e.g., Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (affirming dismissal of *Bivens* medical deliberate indifference claims as unexhausted and procedurally barred; rejecting prisoner's contention that filing an administrative tort claim for medical negligence with the BOP not only satisfied the FTCA's exhaustion requirement but also the PLRA's exhaustion requirement for *Bivens* claims; explaining:  "[T]here are separate procedures for exhausting tort claims and claims involving the conditions of confinement. . . . [E]xhaustion under the PLRA required [the inmate] to file grievances through the BOP's administrative remedies procedure." (*citing* 28 C.F.R. §§ 542.10-542.15, *and* 28 C.F.R. §§ 543.30-543.32)).

Plaintiff's *Bivens* claims for medical deliberate indifference against defendants Dr. Lopez and MLP Gardner should be dismissed with prejudice, as defendants have satisfied their burden of showing that plaintiff failed to properly exhaust available administrative remedies and that any future attempt to exhaust

them would be time-barred.  *Lambert, supra; see also e.g., Simpson v. Holder*, 200 F. App'x 836, 840 (11th Cir. 2006) (affirming dismissal of *Bivens* claims with prejudice as unexhausted and procedurally defaulted where inmate never filed a grievance and, although BOP administrative rules permit an untimely grievance when an inmate demonstrates one of the valid reasons for delay provided in 28 C.F.R. § 542.14(b), inmate never attempted to file out-of-time grievance).  There is no basis to stay proceedings on plaintiff's *Bivens* claims.

## FEDERAL DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT ON FTCA CLAIM
### and
## PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT

The federal defendants have filed a consolidated motion to dismiss, or in the alternative, for summary judgment on plaintiff's FTCA claim.  (Doc. 57).  The defendants argue that plaintiff's FTCA claim should be dismissed for failure to state a claim, because plaintiff's amended complaint fails to meet the minimum pleading standards for a medical negligence claim.  (*Id*., pp. 15-26).  Plaintiff responds that his amended complaint states a facially plausible medical negligence claim under the FTCA, and that his claim has merit.  (Docs. 69, 72).

Motion to Dismiss Standard

When considering a motion to dismiss for failure to state a claim, the court limits its consideration to the pleadings and exhibits attached to the complaint,

accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (internal quotation marks and citation omitted); *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Iqbal*, 556 U.S. at 678.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal. *Id*.  The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570.

Application of the Motion to Dismiss Standard to Plaintiff's Amended Complaint

"The FTCA was designed to provide redress for ordinary torts recognized by state law." *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (internal quotation marks and citation omitted).  In analyzing an FTCA claim, the court applies the law of the state where the alleged tort occurred, in this case, Florida. *See* 28 U.S.C. §1346(b)(1); *Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004). "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001).

The federal defendants argue that plaintiff's FTCA claim should be dismissed, because "[c]onstruing the complaint in the light most favorable to Plaintiff and assuming all facts are true as espoused by him in the Amended Complaint, Plaintiff fails to meet the minimal pleading standards for this Court to entertain any cause of action against the United States." (Doc. 57, p. 19). Defendants' supporting argument asserts, primarily, that Florida law requires a plaintiff to support his allegations of medical negligence with expert testimony, which plaintiff failed to do. (Doc. 57, pp. 16-18 (*citing* Fla. Stat. § 766.102, and *Lambert*, 198 F. App'x at 839)). Defendants also argue that plaintiff's complaint fails to specifically assert the permanent injury he is claiming (doc. 57, p. 18); that plaintiff's complaint "fails to establish any causation" (doc. 57, p. 19); that "[e]ven assuming, *arguendo* that Plaintiff met his burden of supporting his allegations of a breach of the prevailing professional standard of care through expert testimony, he still does not demonstrate a breach in his pleadings", (doc. 57, p. 19); and that plaintiff's complaint is "based on conclusory statements without any supporting evidence", while the defendants have established, through the evidentiary materials submitted with their motion, that they provided thorough and appropriate care (doc. 57, pp. 22-24). Defendants conclude that, "Plaintiff's claims should be dismissed because his allegations and the record do not support a claim of medical negligence. (Doc. 57, p. 26).

Shortly after filing their dispositive motion, the federal defendants moved to stay discovery pending the court's ruling on the motion.  (Doc. 60).  The defendants argued that a ruling on their motion would be dispositive regarding all of the federal defendants, and found it significant that the court stayed discovery between plaintiff and the remaining defendant, Dr. Perry, pending disposition of Perry's motion to dismiss plaintiff's state-law medical malpractice claim for plaintiff's failure to comply with Florida's pre-suit procedural requirements.   The undersigned provisionally granted the motion to stay without prejudice to plaintiff's right to respond.  (Doc. 63).  Plaintiff responded that he required discovery to obtain the following documents:

> 1.  Copy of any and all cases involving neck injuries handled by Dr. Cattau Perry, M.D.
>
> 2.  Copy of any and all cases handled by Hector Lopez, M.D., and Nikki Albu Gardner, MLP.
>
> 3.  Copy of any documented procedures that explain the standard or policy involving neck injuries for the medical profession.

(Doc. 67, p. 1).  The undersigned determined that plaintiff failed to demonstrate that his proposed discovery was relevant or discoverable, and, in addition, that plaintiff's proposed discovery requests were overly broad and unduly burdensome.  (Doc. 68). The undersigned concluded that discovery should remain stayed.  (*Id.*).

Plaintiff responded to the federal defendants' dispositive motion, arguing that his amended complaint, liberally construed, meets federal pleading standards and that any heightened pleading standard under Florida law does not control.  (Doc. 69). Plaintiff contends that his amended complaint and medical records state a claim of medical negligence under the FTCA, that the United States' motion to dismiss or for summary judgment should be denied, and that he is entitled to summary judgment in his favor.  (*Id.*).  In an additional response, plaintiff requests the appointment of counsel, the appointment of a medical expert, the opportunity to conduct additional discovery, and for the court to consider additional medical records in ruling on the defendants' motion.  (Doc. 72).

The federal defendants rely primarily on Fla. Stat. § 766.102, and *Lambert, supra*, to argue that plaintiff's amended complaint should be dismissed because it fails state a viable FTCA claim for medical negligence.  Section 766.102, however, sets forth the <u>burden of proof</u> applicable to medical negligence claims, not a pleading standard.  *See* § 766.102 (titled "**Medical negligence; standards of recovery; expert witness**"); *see also* § 766.102(1) (providing that "the claimant shall have the burden of proving by the greater weight of evidence . . ."); § 766.102(3) (referencing the claimant's burden of proof).

In *Lambert*, the Middle District of Florida granted the United States' motion to dismiss, or in the alternative for summary judgment, on a federal prisoner's FTCA claim based on medical negligence. *Lambert v. United States*, Case Nos. 5:04cv122OC10GRJ, and 5:04cv134OC10GRJ, 2005 WL 2334696 (M.D. Fla. Sept. 23, 2005). The district court concluded that the prisoner "completely failed to sustain his burden of proof" as required by § 766.102, and went on to explain:

> Plaintiff has failed to provide any medical testimony supporting his claim of medical negligence.[FN9] In addition, other than his own self-suffering and conclusory statements, Plaintiff fails to show how the alleged deficient treatment, or failure to refer him to a specialist, caused his chronic eye condition. Finally, the Court notes that Plaintiff has not established that additional treatment, or referral to a specialist, was even necessary. At best, Plaintiff has shown that the medical doctor at the Coleman Complex disagreed with the treatment prescribed by the doctor at the local hospital. A difference in medical opinion is simply not enough to establish negligence. Accordingly, Plaintiff has failed to state a claim for medical negligence and this claim is due to be dismissed.
>
>> FN 9: Plaintiff cannot rely simply on the recommendations of the treating physician at the local hospital. Plaintiff must provide expert testimony to establish the prevailing professional standard of care. *Sims v. Helms*, 345 So.2d 721, 723 (Fla. 1977).

*See Lambert*, 2005 WL 2334696, at *3. The Middle District's analysis disposed of the plaintiff's FTCA medical negligence claim on the merits, finding that the plaintiff failed to produce medical evidence to withstand the United States' motion for summary judgment. Notably, the *Sims* decision, the state law cited by the district

court, addressed a summary judgment motion, not a motion to dismiss.  Admittedly,
some lack of clarity exists as to why the trial court framed its conclusion in terms of
a pleading deficiency, *i.e.*, "fail[ure] to state a claim".  The Eleventh Circuit's
affirming opinion provides more explanation that the lack of medical expert
testimony goes to requirements of proof, not pleading:

> Lambert argues that the district court erred in determining that
> he had to present expert medical testimony prior to trial in response to
> the government's motion.  In Florida, in order to <u>prove</u> medical
> malpractice, "the claimant shall have the burden of proving by the
> greater weight of the evidence that the alleged actions of the health care
> provider represented a breach of the prevailing professional standard of
> care for that health care provider."  Fla. Stat. Ann. § 766.102(1).
> Generally, the standard of care in medical malpractice cases is
> determined through expert testimony.  *Pate v. Threlkel*, 661 So. 2d 278,
> 281 (Fla. 1995); *Torres v. Sullivan*, 903 So. 2d 1064, 1068 (Fla. Dist.
> Ct. App. 2005).    Therefore, Lambert <u>could not rely on his own
> conclusory allegations to survive summary judgment</u>, and it is
> undisputed that he did not submit any medical evidence to support his
> claim.  Accordingly, the district court properly dismissed this claim.

*Lambert*, 198 F. App'x at 839 (emphasis added).  Although the Eleventh Circuit's
concluding sentence states that the district court "properly dismissed" the claim, the
court's reasoning and the state-law cases on which it relies are grounded in summary
judgment principles, not pleading deficiencies.  *See Pate*, 661 So. 2d at 281 (stating
that the allegations of the plaintiffs' complaint – that the health care providers were
under a duty to warn the plaintiffs of the importance of particular testing for their
children – were sufficient to survive a motion to dismiss; "Whether these allegations

are supported by the statutorily required expert medical authority will have to be determined as the action progresses."); *Torres*, 903 So. 2d at 1068 (addressing a motion for summary judgment).

The allegations of plaintiff's amended complaint, taken and true and construed in the light most favorable to him, state a facially plausible claim of medical negligence under the FTCA.  (*See* Doc. 11).  This court is not persuaded that plaintiff's failure to submit expert testimony *as part of* his amended complaint requires dismissal of the FTCA claim for failure to state a claim.  Defendants' motion to dismiss the FTCA claim should be denied.[2]

Although the title of defendants' motion includes an alternative reference to summary judgment, and the motion includes a recital of both the Rule 12(b)(6) and Rule 56 standards, the federal defendants do not appear to be moving for summary judgment on the merits, as they repeatedly frame their arguments in terms of deficiencies or inadequacies in the allegations of plaintiff's "pleading", or amended complaint.  In addition, the federal defendants requested that discovery be stayed, a

---

[2] True enough, the Florida statutes concerning medical negligence claims have detailed provisions concerning presuit investigation.  For instance, a claimant, before filing suit, must, among other things, provide "a verified written medical expert opinion from a medical expert . . . which statement shall corroborate reasonable grounds to support the claim of medical negligence."  § 766.203(2), Fla. Stat.; *see also* §§ 766.104, 766.106 Fla. Stat.  Nevertheless, argument concerning these particular presuit investigation and written expert opinion requirements, and their applicability to an FTCA claim, has not been cogently raised here.

procedure that is appropriate relative to a dispositive motion based on failure to state

a claim or a procedural defense, but that is generally disfavored—if not downright

inconsistent—when applied to a motion for summary judgment on the merits.  *See,*

*e.g., Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1304 n.13 (5th Cir.

1983) (curtailment of discovery is proper where the case can be decided on motions

and the issues are the statute of limitations and release).  As a general rule, summary

judgment on the merits "should not be granted until the party opposing the motion

has had an adequate opportunity to conduct discovery."  *Reflectone, Inc. v. Farrand*

*Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989); *see also Hovermale v. School*

*Bd. of Hillsborough Cnty., Fla*, 128 F.R.D. 287, 289 (M.D. Fla. 1989) ("It is an abuse

of . . . discretion . . . to stay general discovery if 'plaintiff [has] been denied discovery

which relates to the summary judgment motion.'" (alteration in original) (*quoting*

*Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976))).  Thus, even if

the federal defendants' motion were construed as seeking summary judgment on the

merits of plaintiff's FTCA claim, this court would be more than a little reluctant to

proceed with a summary judgment analysis on the merits without affording plaintiff

a sufficient opportunity to develop the facts through discovery.  The court cannot

say, at this juncture, that plaintiff would be unable to develop material, through

discovery, raising a genuine dispute of material fact for trial on his FTCA claim.

Plaintiff's Cursory Request for Summary Judgment

In plaintiff's opposition to the defendants' dispositive motions, he makes reference to a "cross motion for summary judgment" in the title, and asks in his prayer for relief that summary judgment be denied as to the defendants and granted in his favor.  The body of plaintiff's filing, however, is limited to responding to the arguments raised in the defendants' motions.  Plaintiff's request for summary judgment is not in the form required by Federal Rule of Civil Procedure 56 and Northern District of Florida Local Rule 56.1, and does not provide sufficient notice to the defendants of what facts he contends are not genuinely disputed.  Accordingly, even if the court liberally construes plaintiff's response (doc. 69) to the defendants' dispositive motions as a cross-motion for summary judgment, such motion should be denied without prejudice.

Conclusion

Given that the parties' motions (docs. 57, 69, 72) are not dispositive of plaintiff's FTCA claim, and in light of the court's reluctance to grant summary judgment without providing the opportunity to conduct discovery, the undersigned recommends that the federal defendants' motion to dismiss plaintiff's FTCA claim be denied, that the federal defendants' undeveloped request for summary judgment on the FTCA claim be denied without prejudice, that plaintiff's undeveloped request

for summary judgment be denied without prejudice, that discovery be re-opened for

a period of 90 days, and that the parties be afforded another opportunity to move for

summary judgment (if they can do so in good faith) after the close of the re-opened

discovery period.

### PLAINTIFF'S REQUESTS FOR APPOINTMENT OF COUNSEL AND APPOINTMENT OF A MEDICAL EXPERT

Plaintiff requests the appointment of counsel and a medical expert.  (Docs. 62,

72).  "A plaintiff in a civil case has no constitutional right to counsel."  *Bass v.*

*Perrin*, 170 F.3d 1312, 1320 (11th Cir.1999).  "Appointment of counsel in civil cases

is . . . a privilege justified only by exceptional circumstances[.]"  *Kilgo v. Ricks*, 983

F.2d 189, 193 (11th Cir. 1993) (internal quotations omitted).  "[W]hether a case

presents exceptional circumstances warranting the appointment of counsel depends

on (1) the type and complexity of the case; (2) whether the pro se litigant is capable

of adequately presenting [the] case; (3) whether the litigant is in a position to

adequately investigate the case; and (4) whether the evidence will consist in large

part of conflicting testimony so as to require skill in the presentation of evidence and

in cross-examination."  *Collins v. Homestead Corr. Inst.*, 452 F. App'x 848, 850

(11th Cir. 2011) (*citing Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir.1982)).

The court cannot require an unwilling attorney to represent a litigant.  *Mallard v.*

*U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 109 S. Ct. 1814, 104 L.

Ed. 2d 318 (1989) (holding that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case).

The court has carefully reviewed the file and concludes that this case does not present exceptional circumstances warranting the appointment of counsel at this time. *See Smith v. Fla. Dep't of Corr.*, 713 F.3d 1059, 1065 (11th Cir. 2013). Plaintiff requests the appointment of counsel for the purpose of: (1) assisting plaintiff in obtaining affidavits from persons he does not identify (doc. 62, p. 1); (2) conducting depositions of persons he does not identify (doc. 62, p. 1); and (3) presenting his case to a jury (doc. 72, p. 3). Plaintiff states in support of his request that this case involves extremely complex medical information and necessitates expert medical testimony (doc. 72, p. 3). The pleadings filed thus far by plaintiff suggest he has an ability to litigate his case and conduct discovery without the assistance of counsel. Unlike the vast majority of prisoner cases, plaintiff is in the unique position of having been examined, evaluated, diagnosed and treated by medical specialists outside the BOP. Plaintiff's court filings demonstrate that he has adequate access to his medical records, including the names of, and contact information for, these outside specialists with knowledge of the relevant issues. Plaintiff has not demonstrated that this case presents exceptional circumstances warranting the appointment of counsel.

Plaintiff also asks the court to appoint a medical expert, under Rule 706 of the Federal Rules of Evidence, to assist him.  (Doc. 72, pp. 3-4).  Plaintiff seeks the appointment of "a physician specializing in neurology and the treatment of neck injuries", and argues that the appointment is necessary to ensure a just resolution of his claims and to avoid a one-sided presentation of expert opinion on the medical issues.  (Doc. 72, pp. 3-4 (*citing Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996))).  Circuit precedent provides this guidance on the issue of a court-appointed expert:

> Under Fed. R. Evid. 706(a), a district court may on its own motion or at a party's request appoint an independent expert to aid its analysis of the admissibility of proffered evidence.  Such an appointment is especially appropriate where the evidence or testimony at issue is scientifically or technically complex.  *See Allison*, 184 F.3d at 1310-11.  Where a party requests the appointment of an expert to aid in evaluating evidence that is relevant to a central issue in the case, the court is obligated to fairly consider the request and to provide a reasoned explanation for its ultimate decision on the matter.  *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir.1996).

> However, we are unfamiliar with any set of circumstances under which a district court bears an affirmative obligation to appoint an independent expert.  Quite the contrary, as long as the district court thoroughly considers a request for the appointment of such an expert and reasonably explains its ultimate decision thereon, that decision is vested in the sound discretion of the trial court. . . .

> As Professors Wright and Gold have observed:

> Rule 706 fails to prescribe any standard for when a court should appoint a[n] expert witness.  The provision also

> fails to provide a standard for selecting an expert witness
> after a court has decided to appoint one.  The first two
> sentences of subdivision (a), which address the questions
> of appointment and selection, use the word "may" no less
> than four times.  Accordingly, these questions are matters
> within the discretion of the trial court.
>
> 29 Charles Alan Wright & Victor James Gold, Federal Practice &
> Procedure § 6304, at 465 (1997); *see also id*. at 469 ("[E]ven where
> [various] factors . . . point in favor of appointing an [independent]
> expert witness, it is not an abuse of discretion to refuse to make that
> appointment.").

*Quiet Technology DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1348-49

(11th Cir. 2003) (*citing Allison v. McGhan*, 184 F.3d 1300 (11th Cir. 1999)) (other

citations omitted).  "The policy goal of Rule 706 is to promote accurate fact-finding."

29 Charles Alan Wright & Victor James Gold, Federal Practice & Procedure § 6304

(2d ed.).  The goal is not to assist a particular party, but to assist the fact-finder.  The

cost of any court-appointed neutral expert is paid by the parties, not the court.[3]  *See*

Wright & Gold at § 6305.

As noted, plaintiff has had the benefit, at the BOP's expense, of being

examined, evaluated, diagnosed and treated by neurologists at facilities outside the

BOP throughout the pendency of this case.  (*See* Doc. 69 and attached medical

---

[3] The court granted plaintiff leave to proceed *in forma pauperis* because he lacked sufficient funds
to pay the entire filing fee at the time he initiated suit.  Plaintiff's account statement reflected that
he received, on average, over $200.00 per month in deposits.  (*See* Docs. 2, 5).

records; Doc. 72 and attached medical records).  Also, as noted previously, plaintiff

has the contact information and means to communicate with these specialists.

Plaintiff essentially concedes his access to the necessary health care professionals,

stating, in his response to the defendants' dispositive motions, that he "will have at

trial two doctors to testify to what is contained in the medical records.  Plaintiff has

a strong case backed by medical and other admissible evidence. . . ."  (Doc. 69, p.

7).  The court, at this time, does not find the appointment of an independent medical

expert necessary for an adequate presentation of the issues underlying plaintiff's

medical negligence claim.

Accordingly, it is respectfully RECOMMENDED:

1.  That defendants United States of America, Dr. Hector Lopez, and MLP

Nikki Albu-Gardner's (the "federal defendants") motion to dismiss, or in the

alternative for summary judgment (doc. 57), be GRANTED IN PART AND

DENIED IN PART AS FOLLOWS:

> a.    That defendants Hector Lopez and Nikki Albu-Gardner's motion
> to dismiss plaintiff's *Bivens* claims for failure to exhaust administrative
> remedies be GRANTED, and that plaintiff's *Bivens* claims be
> DISMISSED WITH PREJUDICE.
>
> b.    That defendant United States of America's motion to dismiss, or
> in the alternative, for summary judgment on plaintiff's FTCA claim be
> DENIED WITHOUT PREJUDICE.

2.   That plaintiff's request for summary judgment (doc. 69) be DENIED WITHOUT PREJUDICE, and that defendants' motion to strike plaintiff's request for summary judgment (doc. 71) be DENIED AS MOOT.

3.   That plaintiff's requests for the appointment of counsel and the appointment of a medical expert to assist him (docs. 62, 72) be DENIED WITHOUT PREJUDICE.  The clerk will, however, be directed to forward this case to the Volunteer Lawyer Project for the Northern District, in order to determine if any lawyer is willing to review the case.

4.   That plaintiff's motion for discovery (doc. 72) be DENIED AS MOOT in light of the court's decision to re-open discovery.

5.   That the stay of discovery on plaintiff's FTCA claim be LIFTED.

6.   That this case be remanded to the undersigned for further proceedings on plaintiff's FTCA claim, including the re-opening of discovery and consideration of any renewed motions for summary judgment on that claim.

At Pensacola, Florida this 6th day of June, 2016.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.