UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RODNEY RODRIGUEZ SHIPMAN,

    Plaintiff,

v.                                                    Case No.  5:15cv133/MP/CJK

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

This prisoner case is before the court upon defendant Dr. Perry Cattau's motion to dismiss plaintiff's amended complaint for failure to state a claim, filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure (doc. 25).[1] Plaintiff filed a response in opposition (doc. 69), to which defendant Cattau replied (doc. 74) pursuant to court order (doc. 70).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  Upon careful consideration, the undersigned concludes that plaintiff's claims against Dr. Cattau should be dismissed.

---

[1] Plaintiff's amended complaint incorrectly identifies this defendant as "Cattau Perry, M.D." (doc. 11).  Dr. Cattau indicates that his name is "Perry Cattau, M.D." (*see* doc. 74).  The docket will be corrected accordingly.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Federal Bureau of Prisons (BOP) currently confined at the Federal Correctional Institution in Marianna, Florida (FCI-Marianna). Plaintiff describes this lawsuit as an action under 28 U.S.C. § 1331 or §1346;[2] the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680; and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). (Doc. 11, p. 1). Plaintiff's amended complaint names four defendants: the United States of America, Dr. Cattau, and two BOP health care providers (Dr. Lopez and MLP Gardner). This suit arises from the medical care plaintiff received after he was injured while playing football at FCI-Marianna on November 6, 2010. Relevant to defendant Dr. Cattau's motion to dismiss, plaintiff alleges that he "was struck by another inmate while his, Plaintiff's, head was down, jamming Plaintiff's neck." (Doc. 11, Section V ¶ 3). Plaintiff was taken to the medical department at FCI-Marianna, where it was determined that he required emergent care at an outside hospital. (*Id*. ¶ 6). Plaintiff was transported to the emergency room at Jackson Hospital in Marianna, Florida, where he was treated by defendant Dr. Cattau. (*Id*. ¶¶ 7-9). Plaintiff identifies Dr. Cattau as an employee of

---

[2] Section 1331 provides district courts with original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Section 1346 provides district courts with original jurisdiction of certain civil actions and claims against the United States, as enumerated in that section. 28 U.S.C. § 1346.

Jackson Hospital.  (Doc. 11, Section II ¶ 2, Section V ¶ 9, and Attach. A, Exs. 3, 4). Plaintiff alleges that Dr. Cattau ordered a CT scan of plaintiff's brain, which revealed no acute intracranial abnormalities, and also ordered x-rays of both shoulders, which were normal.  (*Id*., Section V ¶¶ 8-10 and Attach. A, Exs. 3, 4).  Plaintiff faults Dr. Cattau for failing to order an MRI.  (*Id*., Section V ¶¶ 34-35).  An MRI performed over three years later, on February 19, 2014, revealed "[s]evere cervical spondylostenosis at C3-C4 with cord flattening and perhaps very early spinal cord edema".  (*Id*., Section V ¶¶ 26-27 and Attach. A, Ex. 19).  Plaintiff underwent surgery on March 12, 2014.  (*Id*., Section V ¶ 29 and Attach A, Exs. 20-27). Identifying his claim against Dr. Cattau as one of "Deliberate Indifference", plaintiff asserts the following:

> [34]   Defendant Perry committed gross medical practice when he, during his treatment of Plaintiff in the emergency room, exposed Plaintiff to a substantial risk of serious harm by not ordering a MRI, and that he disregarded that risk by conduct that was more than negligence.
>
> [35]   Defendant Perry knew, or should have known, that Plaintiff's serious neck/back injury required a MRI to adequately diagnose Plaintiff's condition, whereas, x-rays failed to provide any reliable means for diagnosis.

(Doc. 11 ¶¶ 34-35).  Plaintiff's "Statement of Claims" asserts that the defendant "proceeded negligently in the diagnosis, treatment of Plaintiff's serious neck/back injury, resulting that Plaintiff suffered permanent injury to his neck/back, in in [sic]

*Case No. 5:15cv133/MP/CJK*

violation of the Eighth Amendment to the United States Constitution." (Doc. 11, Section VI).

Defendant Dr. Cattau construes plaintiff's amended complaint as asserting a state-law medical malpractice claim against him, and seeks dismissal on the ground that plaintiff failed to comply with Florida's pre-suit notice, investigation and other requirements set forth in Chapter 766, Florida Statutes, and that the statute of limitations has now run. (Doc. 25). Plaintiff responds that "the claim against Defendant is not a state law medical negligence claim but a § 1983 and FTCA claim in which Plaintiff alleges that Defendant acted not merely with negligence but with deliberate indifference to Plaintiff's constitutional rights." (Doc. 69, p. 6). Dr. Cattau replies that even construed as a claim under 42 U.S.C. § 1983, plaintiff's amended complaint fails to state a facially plausible § 1983 claim against him. (Doc. 74).

## RULE 12(B)(6) STANDARD

In considering a motion to dismiss for failure to state a claim, the court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco*, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Iqbal*, 556 U.S. at 679)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal. *Id*. The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative

level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570.

A complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.,* 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim). Because plaintiff is a prisoner and is proceeding *in forma pauperis*, the court may dismiss, *sua sponte* and at any time, any claim within plaintiff's amended complaint that fails to state a claim on which relief may be granted. 28 U.S.C. §1915A; 28 U.S.C. § 1915(e)(2).

## DISCUSSION

State-Law Medical Malpractice or Medical Negligence Claim

Defendant Dr. Cattau asserts that plaintiff's claim against him is clearly a state-law medical malpractice claim, and that plaintiff cannot proceed on that claim because the mandatory conditions precedent to such a cause of action – compliance with the pre-suit notice, screening, investigation, expert corroboration, discovery and other requirements of Chapter 766, Florida Statutes – have not been satisfied.

*Case No. 5:15cv133/MP/CJK*

Dr. Cattau contends that plaintiff cannot now cure these deficiencies because Florida's two-year statute of limitations has long since passed; thus, his medical malpractice claim against Cattau must be dismissed. (Doc. 25, pp. 2-11).

In response, plaintiff states that he is not asserting a medical malpractice or medical negligence claim under Florida state law; rather, he is asserting a negligence claim under the FTCA and a medical deliberate indifference claim under 42 U.S.C. § 1983; thus Florida's pre-suit requirements do not apply. (Doc. 69, p. 6 ("[T]he claim against Defendant is not a state law medical negligence claim but a § 1983 and FTCA claim in which Plaintiff alleges that Defendant acted not merely with negligence but with deliberate indifference to Plaintiff's constitutional rights. Thus, Defendant's motion should be denied."); *see also* Doc. 69, pp. 7-9). By this assertion, plaintiff is explicitly abandoning any state-law medical malpractice or medical negligence claim against Dr. Cattau that could be construed from his amended complaint. Given plaintiff's abandonment of any state-law medical malpractice or medical negligence claim against Dr. Cattau, the argument raised in Cattau's motion to dismiss is moot, and the court need not decide whether plaintiff's alleged failure to comply with Florida's pre-suit requirements set forth in Chapter 766, Florida Statutes, requires dismissal of the claim.

FTCA Claim

Plaintiff states he is suing the defendants, presumably including Dr. Cattau, under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680.  Such a claim against Dr. Cattau is not viable because, as plaintiff was advised previously, all actions brought pursuant to the FTCA must be brought against the United States of America. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b).  The United States is the only proper defendant to a claim under the FTCA.  28 U.S.C. § 2679(a), (b)(1), (d)(1); *see also Simpson v. Holder*, 184 F. App'x 904, 908 (11th Cir. 2006) ("The United States is the only proper defendant in an FTCA action." (*citing* 28 U.S.C. § 2679; *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); and *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988))).  Although Dr. Cattau does not raise this issue in his motion to dismiss, the court may dismiss the FTCA claim against Cattau *sua sponte*, for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(ii).  Because plaintiff has named a defendant not amenable to FTCA suit, Dr. Cattau must be dismissed.

Eighth Amendment Medical Deliberate Indifference Claim

    A.    Section 1983 Claim

Plaintiff states he is suing Dr. Cattau under 42 U.S.C. § 1983, on the ground that he was deliberately indifferent to plaintiff's serious medical need in violation of

the Eighth Amendment.  (Doc. 69, p. 6).  Because Dr. Cattau's motion to dismiss did not construe plaintiff's amended complaint as asserting a claim under § 1983, the court directed Dr. Cattau to address plaintiff's argument.  (*See* Doc. 70).  Dr. Cattau responds that the factual allegations of the amended complaint do not support a reasonable inference that he was acting under color of state law or with deliberate indifference to a serious medical need; thus, the complaint does not state a facially plausible claim under 42 U.S.C. § 1983.  (Doc. 74).

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:

>  1.   whether the conduct complained of was committed by a person acting under color of state law; and
>
>  2.   whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).  "The traditional definition of acting under color of state law requires that the defendant in a section 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)

(*quoting United States v. Classic*, 313 U.S. 299, 326, 61 S. Ct. 1031, 85 L. Ed. 1368 (1941)); *see also West* at 49 ("To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted)).

Plaintiff's amended complaint does not allege that Dr. Cattau was acting under color of state law, nor can this element be reasonably inferred from a liberal construction of plaintiff's factual allegations. Plaintiff alleges that Dr. Cattau is a medical doctor employed at Jackson Hospital and that he treated plaintiff after he was transported to the emergency room because further medical treatment was necessary than could be provided by the medical department at FCI-Marianna. These allegations do not allow the court to draw a reasonable inference that Dr. Cattau was an institutional physician acting "under color of state law" in treating plaintiff's injury, or that Dr. Cattau's alleged infringement of plaintiff's Eighth Amendment right to adequate medical care is "fairly attributable to the State." *West*, 287 U.S. at 49 (*quoting Lugar v. Edmondson Oil Co*., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)); *cf Polk Cnty. v. Dodson*, 454 U.S. 312, 320, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (summarizing the reason why, in *O'Connor v.*

*Donaldson*, 422 U.S. 563 (1975), and *Estelle v. Gamble*, 429 U.S. 97 (1976), a psychiatrist who served as the superintendent at a state mental hospital and a physician who was the medical director of the state department of corrections and also the chief medical officer of a state prison hospital, were considered "state actors" for purposes of § 1983: "Institutional physicians assume an obligation to the mission that the State, through the institution, attempts to achieve."). Plaintiff fails to satisfy the "state actor" requirement for § 1983 liability against defendant Dr. Cattau.

Even if Dr. Cattau could be considered a state actor, plaintiff's allegations fail to state a plausible claim of medical deliberate indifference under the Eighth Amendment. A prisoner claiming he was deprived of medical care in violation of the Eighth Amendment must show "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Danley v. Allen*, 540 F.3d 1298, 1310 (11th Cir. 2008). Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotations omitted). The Supreme Court has emphasized that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). "Mere incidents of negligence or malpractice" in diagnosing or treating a medical condition "do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (*citing Estelle v. Gamble*, 429 U.S. 97, 105104-06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). Nor does a medical judgment call, or an accidental or inadvertent failure to provide adequate medical care, support a claim of cruel and unusual punishment. *Estelle*, 429 U.S. at 105-106. Of particular relevance here, the Court in *Estelle* explained:

> [T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the [State's tort statute].

*Id*. at 107 (footnote omitted). Where the inmate has received medical attention, and the dispute is over the adequacy of that attention, courts are reluctant to question the accuracy or appropriateness of the medical judgments that were made. *Harris*, 941 F.2d at 1507 (*citing Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976))). To do otherwise would be "to constitutionalize claims that sound in tort law." *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985).

Taking those well-pleaded allegations of plaintiff's amended complaint as true and evaluating reasonable inferences derived from those facts in plaintiff's favor, plaintiff's amended complaint does not plausibly show that Dr. Cattau acted with an attitude of deliberate indifference. Plaintiff makes the conclusory legal assertion that Dr. Cattau was deliberately indifferent, but the only specific facts he offers to support this conclusion are that Dr. Cattau ordered a CT scan and x-rays on the day of the injury, which were normal; that Cattau failed to order an MRI; and that an MRI conducted on February 19, 2014, indicated spinal cord issues for which plaintiff received surgery. (Doc. 11, Section V ¶¶ 8, 26, 27, 34). Plaintiff contends this constitutes deliberate indifference, because Cattau "knew, or should have known, that Plaintiff's serious neck/back injury required a MRI." (*Id*. ¶ 35). Dr. Cattau's choice of diagnostic imaging is precisely the type of medical judgment the Supreme Court has determined does not support an Eighth Amendment deliberate indifference claim. *See Estelle*, 429 U.S. at 106-107; *see also Harris*, 941 F.2d at 1505; *Waldrop*, 871 F.2d at 1033. Plaintiff's allegations do not raise a reasonable inference that Dr. Cattau knew, during his treatment of plaintiff in the emergency room, that he was exposing plaintiff to a substantial risk of serious harm by ordering a CT scan and x-rays but not an MRI. At worst, the alleged conduct of Dr. Cattau plausibly could support a claim for negligence, but it certainly does not justify an

inference that he had a subjective intent to punish plaintiff. Plaintiff concedes as much in his response to the motion to dismiss, wherein he states: "Defendant, Dr. Perry, was negligent in not ordering an MRI for Plaintiff. Dr. Perry's' concentration centered on his diagnosis on a brachia pynx injury and a closed head injury instead of the serious neurological injury. Dr. Perry knew or should have known to refer Plaintiff for neurological evaluation. . . ." (Doc. 69, p. 16). Plaintiff's medical deliberate indifference claim against Dr. Cattau should be dismissed. *See, e.g.*, *Criner v. Hernandez*, 562 F. App'x 930, 932 (11th Cir. 2014) ("[E]vidence of potential error in the medical judgment of [the medical defendants] does not create a genuine issue of material fact because it does not demonstrate action or inaction beyond gross negligence."); *Clas v. Torres*, 549 F. App'x 922, 924 (11th Cir. 2013) (dismissing prisoner's medical deliberate indifference claim for failure to state a claim where prisoner admitted receiving medical attention for his migraine-like symptoms, which included medication, an x-ray and referral for a CT scan; "Although [the prisoner] felt these responses were inappropriate or inadequate, a doctor's choice of treatment and testing is a matter of medical judgment and does not state an Eighth Amendment deliberate indifference claim.").

Because the factual allegations of plaintiff's amended complaint do not support a reasonable inference that Dr. Cattau was acting under color of state law or

with deliberate indifference to a serious medical need, the complaint does not state a facially plausible claim under 42 U.S.C. § 1983. Plaintiff's § 1983 claim against defendant Dr. Cattau should be dismissed. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(ii).

      B.    *Bivens* Claim

To the extent plaintiff attempts to assert a *Bivens* claim against Dr. Cattau, such claim is facially implausible because plaintiff alleges Dr. Cattau is an employee of Jackson Hospital, not a federal agency, and because plaintiff's allegations do not show that Dr. Cattau was deliberately indifferent to plaintiff's serious medical need. *See Bivens, supra*, (recognizing an implied private action for damages against individual *federal officers* alleged to have violated a citizen's constitutional rights). Plaintiff's amended complaint does not state a viable *Bivens* claim against defendant Dr. Cattau, and is subject to *sua sponte* dismissal. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(ii).

      Accordingly, it is ORDERED:

The clerk shall change the docket to reflect the correct spelling of the defendant's name, from "Cattau Perry, M.D.", to "Perry Cattau, M.D."

And it is respectfully RECOMMENDED:

1.  That plaintiff's claims against defendant Dr. Perry Cattau be DISMISSED WITH PREJUDICE on the grounds that (1) plaintiff has explicitly abandoned any state-law medical malpractice or medical negligence claim against Dr. Cattau, (2) plaintiff's amended complaint fails to state a facially plausible FTCA claim against Dr. Cattau, and (3) plaintiff's amended complaint fails to state a facially plausible Eighth Amendment medical deliberate indifference claim against Dr. Cattau under 42 U.S.C. § 1983 or *Bivens*.

2.  That defendant Dr. Cattau's motion to dismiss plaintiff's state-law medical malpractice claim (doc. 25) be DENIED AS MOOT in light of plaintiff's explicit abandonment of his state-law medical malpractice or medical negligence claim against Cattau.[3]

At Pensacola, Florida this 17th day of June, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Should plaintiff, in his objections to this Report and Recommendation, attempt to recede from his abandonment of his state-law medical malpractice claim against defendant Dr. Cattau, the undersigned recommends that Dr. Cattau's motion to dismiss be granted for the reasons outlined in that motion (doc. 25).

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.