IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RODNEY RODRIGUEZ SHIPMAN,

    Plaintiff,

v.                                            CASE NO. 5:15-cv-00133-WTH-CJK

UNITED STATES OF AMERICA,
PERRY CATTAU, M.D.

    Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation. (ECF No. 121). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Plaintiff has filed objections at ECF No. 124. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. The Court agrees with the Magistrate Judge that Defendant Cattau's amended motion for summary judgment on plaintiff's § 1983 medical deliberate indifference claim, ECF No. 104, should be granted because Plaintiff has not offered evidence showing that Defendant Cattau was acting under color of state authority or that his conduct constituted more than mere negligence.

Also, the Court agrees that all other claims against Defendant Cattau (either

directly asserted in plaintiff's third amended complaint or liberally construed therefrom) should be dismissed with prejudice. First, the Court agrees with the Magistrate Judge that plaintiff has no cognizable claim under the Federal Tort Claims Act ("FTCA") against Dr. Cattau because the only proper defendant in an suit under the FTCA is the United States. *Simpson v. Holder*, 184 F. App'x 904, 908 (11th Cir. 2006) ("The United States is the only proper defendant in an FTCA action."), citing 28 U.S.C. § 2679; *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); and *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988).

Second, the Court agrees with the Magistrate Judge that Plaintiff explicitly abandoned his claim against Dr. Cattau based on *Bivens v. Six Unknown Named Agents of Federal Bureau Narcotics*, 403 U.S. 388, 390–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In his objections at ECF No. 84 p. 6, plaintiff stated, "Plaintiff concedes that he does not have a viable Bivens claim against Dr. Cattau." Also, even if plaintiff had not abandoned this claim, *Bivens* requires that the conduct at issue be committed by a federal official acting under color of law. As discussed in the Report and Recommendation, plaintiff cannot show that Dr. Cattau was a federal official acting under color of law.

Third, any claim of medical negligence or malpractice brought under Florida law should be dismissed. Judge Walker previously found that "Plaintiff has abandoned any state law claim against Dr. Cattau, but he may pursue a federal claim based on state law." ECF No. 86 at 2. However, in his objections, Plaintiff argues that he did not abandon the state-law claim but that he intended the "federal court to hear the state law issue through supplemental jurisdiction." ECF No. 124 at 4. As noted above, however, no FTCA, § 1983 or *Bivens* claim, or any other federal claim, remains against Dr. Cattau. Under 28 U.S.C. § 1367(c) the Court

may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction."

Also, plaintiff has failed to satisfy Florida's pre-suit requirements in Fla. Stat. § 766.203, *et seq.,* for medical negligence or malpractice actions. Plaintiff argues in his objections that "[p]rocedurally, the plaintiff's claim against Defendant is not governed by state law and presuit requirments … but by federal law and the Federal Rules of Civil Procedure." This statement of law is incorrect. In *Woods v. Holy Cross Hospital*, 591 F.2d 1164 (5th Cir.1979), the former Fifth Circuit[1] dismissed the plaintiff's medical malpractice claims against the defendant, and held that Florida's medical malpractice pre-suit mediation requirement must be enforced by federal district courts in diversity cases. Guided by "the policies underlying the *Erie* rule," the *Woods* court determined that "we would do grave damage to the legislative response evidenced by Florida's Medical Malpractice Law if we refused to apply the mediation requirement in diversity cases." *Id.* at 1168–69. Further, the *Woods* court stated that:

> "In our view the result of our holding is essential, as otherwise the principles of *Erie* and its offspring would be violated non-resident plaintiffs would be encouraged to forum shop in the federal courts, and justice would be inequitably applied between resident and nonresident malpractice claimants."

Id. at 1170. While jurisdiction in the instant case would be through supplemental, rather than diversity, jurisdiction, the risk of forum shopping is the same. Those plaintiffs who also can colorably state a federal claim would not have to comply with the pre-suit requirements while those without federal claims would. Also, this Court has previously required plaintiffs bringing Florida medical malpractice or negligence claims to comply with Florida's pre-suit requirements.

---

[1] The Eleventh Circuit in an en banc decision, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

*Neal v. Parker*, No. 5:15-CV-71-MW-GRJ, 2017 WL 443163, at \*6 (N.D. Fla. Jan. 11, 2017), report and recommendation adopted, No. 5:15CV71-MW/GRJ, 2017 WL 440727 (N.D. Fla. Feb. 1, 2017). The Eleventh Circuit, in two unpublished opinions, has also applied the pre-suit requirements to Florida medical malpractice or negligence claims brought under supplemental jurisdiction. *See Johnson v. McNeil*, 278 F. App'x 866, 871 (11th Cir. 2008) and *Gross v. White*, 340 F. App'x 527, 532 (11th Cir. 2009).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, ECF No. 121, is adopted and incorporated by reference in this order. Defendant Dr. Perry Cattau's Motion for Summary Judgment, ECF No. 104, is granted.

2. Summary Judgment is granted in favor of Dr. Perry Cattau on Plaintiff's claim of deliberate indifference under 42 U.S.C. § 1983. All other claims against defendant Dr. Cattau (either directly asserted in plaintiff's third amended complaint or liberally construed therefrom) are dismissed with prejudice.

3. The Clerk should not enter judgment at this time, and the case is remanded to the Magistrate Judge for further proceedings regarding the plaintiff's case against the United States.

**DONE AND ORDERED** this _27th_ day of November, 2017

_____
UNITED STATES DISTRICT JUDGE