UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RODNEY RODRIGUEZ SHIPMAN,

      Plaintiff,

v.                                  Case No.  5:15cv133/WTH/CJK

UNITED STATES OF AMERICA, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on the United States' third bite at the summary judgment apple on plaintiff's medical negligence claim filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.  The United States (the "Government") moves to strike Dr. Mask's designation as an expert and, correspondingly, for summary judgment in its favor.  (Doc. 148).  Plaintiff opposes the motion.  (Docs. 158, 161).  The undersigned concludes that the Government's motion to strike and for summary judgment should be denied on procedural grounds.

## RELEVANT PROCEDURAL HISTORY[1]

Plaintiff commenced this action on June 8, 2015, claiming that medical providers at the Bureau of Prisons negligently delayed medical care for an injury he sustained while playing football at the Federal Correctional Institution in Marianna, Florida, in 2010.  (Doc. 1).  On January 26, 2016, the court issued a Case Management and Scheduling Order setting a discovery deadline of April 26, 2016, and a dispositive motions deadline of May 17, 2016.  (Doc. 49).  On February 29, 2016, the Government filed a motion to dismiss or, in the alternative, for summary judgment (docs. 57, 58), and requested that discovery be stayed pending a ruling on its motion.  (Doc. 60).  The court stayed discovery.  (Docs. 63, 68).  On September 15, 2016, the court granted the Government's motion to dismiss plaintiff's *Bivens* claims against individual defendants for failure to exhaust administrative remedies, and denied without prejudice the Government's motion for summary judgment on the FTCA claim.  (Doc. 90).  Plaintiff filed a third amended complaint removing his dismissed claims (doc. 95), and the court issued a Second Scheduling Order setting a discovery deadline of February 16, 2017, and a summary judgment motions deadline of March 9, 2017.  (Doc. 99).

---

[1] This procedural history pertains only to plaintiff's FTCA claim against the Government.  All other claims and defendants have been dismissed.

*Case No. 5:15cv133/WTH/CJK*

On March 9, 2017, the Government filed a second, or "renewed", motion for summary judgment. (Doc. 102). The Government asserted: (1) plaintiff could not seek recovery against the Government for the alleged medical negligence of Dr. Perry Cattau because Cattau was an employee of Jackson Hospital, not the Government, at the time he treated plaintiff; (2) plaintiff could not establish essential elements of his medical negligence claim – standard of care, breach, and causation – because he had no supporting expert testimony; and (3) plaintiff could not establish any injury arising from the BOP healthcare providers' alleged negligence. (Doc. 102). Plaintiff filed a response on March 24, 2017, with evidentiary materials, including an affidavit of William Kenneth Mask, MD, ABR, ACR, which plaintiff offered as supporting expert testimony. (Docs. 107, 112).

The Government's second motion for summary judgment was pending for over six months. During that time, the Government did not raise any procedural or evidentiary objection to Dr. Mask's affidavit. The Government did not challenge Dr. Mask's qualification as an expert or his opinion, nor did the Government move to obtain discovery regarding Dr. Mask. The Government sat idle, apparently content to await a summary judgment ruling, and did not seek leave to take Dr. Mask's deposition. Having received no further submissions, the undersigned issued a Report and Recommendation on September 28, 2017. The Report deemed waived,

for purposes of summary judgment, any challenge to Dr. Mask's opinion testimony

or qualification as an expert:

> The Government does not object to, move to strike, or argue for exclusion of any of plaintiff's evidentiary materials, including Dr. Mask's affidavit. The Government does not challenge Dr. Mask's designation as an expert or his competence to provide expert testimony on the matters stated in his affidavit. In the absence of an objection, the court will consider Dr. Mask's affidavit as expert testimony for purposes of summary judgment, and will not address whether Mask's testimony meets the relevant evidentiary rules for a physician's expert testimony in a medical negligence case. *See Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) ("If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived. . . ." (citations omitted)); *Munoz v. Int'l Alliance of Theatrical Stage Emps. and Moving Picture Mach. Operators of U.S. and Canada*, 563 F.2d 205, 214 (5th Cir. 1977) (holding that inadmissible material may be considered by a court on summary judgment if there has been no challenge (citing cases)); *Klingman v. Nat'l Indem. Co.*, 317 F.2d 850, 854 (7th Cir. 1963) (holding that if no objection is made to a supporting or opposing affidavit, then the affidavit may be considered by the court in ruling on a motion for summary judgment); *Tucker v. Rose*, 955 F. Supp. 810, 814 (N.D. Ohio 1997) (holding that evidence not meeting the relevant admissibility standard may be considered unless the opposing party affirmatively raises the issue of the defect; the burden is on the opposing party to object and failure to do so constitutes waiver); *Burnett v. Stagner Hotel Courts, Inc*., 821 F. Supp. 678, 683 n.2 (N.D. Ga. 1993), *aff'd*, 42 F.3d 645 (11th Cir. 1994) (noting that uncertified or otherwise inadmissible documents may be considered by a court in ruling on a motion for summary judgment if the documents are not challenged (*citing* 10A Charles Alan Wright et al., *Federal Practice And Procedure* § 2722)).

(Doc. 125, pp. 6-8). There being no objection to Dr. Mask's summary judgment testimony, the undersigned recommended that the Government's second motion for summary judgment be granted with respect to its liability for Dr. Cattau's treatment, but denied in all other respects. (Doc. 125).

The Government did not object to the Report and Recommendation. The District Judge adopted the Report and Recommendation in full on November 28, 2017, (doc. 129), leaving this case slated for a bench trial on plaintiff's FTCA claim. The case was remanded to the undersigned for final pretrial proceedings.

The undersigned ordered a brief, second discovery period for trial preparation, setting a discovery deadline of February 16, 2018. (Doc. 133). On the day the trial-preparation-discovery deadline expired, the Government filed its now pending "Motion to Strike Plaintiff's Expert and for Summary Judgment", without leave of court. (Doc. 148). The motion is supported by the transcript of the Government's deposition of Dr. Mask conducted on February 7, 2018. (Doc. 154). The Government also filed a motion for a "limited stay" of this case "for purposes of the submission of United States' expert's report." (Doc. 149). Plaintiff opposes the Government's motions. The undersigned held a settlement conference in this case on May 23, 2018, which ended in an impasse.

DISCUSSION

The Government seeks, essentially, to resurrect the prior summary judgment proceeding. The Government moves to strike Dr. Mask's designation as an expert on summary judgment, for two reasons: (1) Dr. Mask's affidavit considered in the prior summary judgment proceeding was fraudulent and does not reflect Dr. Mask's opinion; (2) the testimony provided in Dr. Mask's affidavit does not satisfy the reliability requirements of Rule 702 of the Federal Rules of Evidence because although Dr. Mask reviewed a portion of plaintiff's medical records and executed the affidavit under oath, "Dr. Mask admitted in his deposition that he did not review the entire file or prepare the Affidavit. . . ." (Doc. 148, pp. 5-6). The Government's corresponding motion for summary judgment argues that plaintiff will be unable to prove his case at trial, because Florida law requires expert testimony on the elements of standard of care, breach and causation; plaintiff designated Dr. Mask as his sole expert to render opinions on those issues; and Dr. Mask testified at his deposition that he will not provide an expert opinion in this case. (Doc. 148, pp. 9-10; Doc. 154).

Plaintiff responds that the Government waived its opportunity to challenge Dr. Mask's testimony on summary judgment; that the Government provided an inadequate, 2-day notice of Dr. Mask's deposition which left him and Dr. Mask

unprepared; and that plaintiff intends to rehabilitate Dr. Mask at trial.  (Docs. 158, 161).

"[D]istrict courts have the inherent authority to manage their dockets. . . ." *Dietz v. Bouldin*, — U.S. —, 136 S. Ct. 1885, 1892 (2016).  This authority includes the discretion to strike a defendant's eleventh-hour attempt to raise new arguments in a successive motion for summary judgment where no previously unavailable facts or legal arguments have been offered, and no good cause has been shown to excuse the inordinate delay.  *See Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)).  "To proceed otherwise would be to allow litigants to treat their initial summary judgment motions as a 'dry run' which they would have an opportunity to redo or supplement – at considerable additional cost to opposing parties and at a considerable drain to scarce judicial resources – via a new Rule 56 motion later on to correct any deficiencies identified by opposing counsel or the court in processing the initial motion."  *Middlegate Dev., LLP v. Beede*, No. CIV.A. 10–0565–WS–C, 2011 WL 3475474, at *11 n.26 (S.D. Ala. 2011) (*citing Allstate Finance Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) ("[W]e certainly do not approve in general the piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised.")).

This court will not go behind its prior determination of waiver. The Government waived its right to challenge Dr. Mask's testimony for purposes of summary judgment. The Government was aware of Dr. Mask's affidavit early in the prior summary judgment proceeding, but chose neither to question its admissibility nor to make any attempt to discover facts relevant to its admissibility. The Government likewise did not object to the undersigned's determination of waiver, a determination that became final when adopted by the District Judge two months later. The Government's present motion makes no showing of diligence during the prior proceeding, and offers no explanation why it allowed the prior proceeding to run its course without any effort to raise the issue it now deems worthy of litigation on summary judgment. Although the Government noted in an earlier filing (doc. 131), that plaintiff did not identify Dr. Mask as an expert or disclose his affidavit during the initial discovery period, that circumstance was known to the Government – and capable of remedy – in the prior summary judgment proceeding. Again, over six months passed between plaintiff's filing of Dr. Mask's affidavit on March 24, 2017, and the undersigned's issuance of the Report and Recommendation on September 28, 2017. Another two months passed before the District Judge adopted the Report and Recommendation. The Government's motion to strike is improper and should be denied.

The Government's third motion for summary judgment should be denied as untimely. Rule 56 provides that when a court order sets the time for filing a motion for summary judgment, the court-ordered deadline controls. *See* Fed. R. Civ. P. 56(b) ("<u>Unless a different time is set by local rule or the court orders otherwise</u>, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." (emphasis added)). By court order, the deadline for the Government to move for summary judgment expired on March 9, 2017. (Doc. 99). The Government's now-pending third motion for summary judgment was filed almost one year after expiration of the summary judgment deadline and only after this case was slated for trial. The court's allowance of a second, brief discovery period <u>for trial preparation</u>, did not re-open the summary judgment motions deadline. And to this day, the Government has never moved to reopen discovery for, well, discovery purposes. The Government has waited far into the litigation – just before trial – to seek summary judgment on an issue it chose not to pursue earlier, even in the face of this court's not too subtle hints that the Mask declaration might be vulnerable. The Government's delay not only prejudices the plaintiff, it is costly to the court system, demanding more time and energy from the court and retarding the disposition of cases. As a judge of this court explained in a similar circumstance:

> There are good reasons for setting a deadline for a summary-judgment motion. A deadline ordinarily allows the parties and the court

to avoid wasteful repetition and to plan wisely for the orderly presentation of the case. This case is an example: the defendants could have asserted all of their arguments from the outset, thus allowing the plaintiff to respond once, rather than twice, and allowing the court to address the issues once, rather than twice. By any measure, the defendants' approach has wasted their own resources and those of the plaintiff and the court. And the new motion has delayed the litigation.

*Welch v. Theodorides-Bustle*, 753 F. Supp. 2d 1223, 1227 (N.D. Fla. 2010).

## CONCLUSION

The court will not re-visit its prior waiver and summary judgment rulings. The Government's motion to strike and for summary judgment should be denied as improper and untimely. The denial of the motion to strike should be without prejudice to the Government's right to make an appropriate evidentiary objection at trial.[2]

Accordingly, it is respectfully RECOMMENDED:

1.   That the Government's Motion to Strike Plaintiff's Expert and for Summary Judgment (doc. 148) be DENIED as improper and untimely.

2.   That the Government's Motion for Limited Stay (doc. 149) be DENIED.

---

[2] Plaintiff clearly has his work cut out for him. Unless he can present the necessary expert testimony at trial, he will be unable to overcome a directed verdict in the Government's favor, and will be subject to taxation of costs. *See* Fed. R. Civ. P. 54(d). The court has been unsuccessful in finding a volunteer attorney to represent plaintiff. (*See* Doc. 175 (sealed portion of May 23, 2018, status conference; Doc. 90 (referral to volunteer lawyer program)).

*Case No. 5:15cv133/WTH/CJK*

3. That this matter be referred to the undersigned for the exchange and filing of trial materials (exhibit lists, witness lists, expert reports and pre-trial narratives).

At Pensacola, Florida this 9th day of July, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.